## In re GLYNN'S ESTATE.
### No. 4046.

Court of Civil Appeals of Texas. Amarillo.
June 7, 1933.

Rehearing Denied Sept. 6, 1933.

John L. Dodson, of Del Rio, for appellant.
Jones & Lyles, of Del Rio, for appellee.

JACKSON, Justice.

John Glynn, a bachelor, died in Val Verde county on November 8, 1931, and had for years prior thereto resided in said county. He left an estate which he disposed of by a purported holographic will.

It is said in the beginning of the instrument: "This Indenture made the 23rd day of December, 1914." Following this, after the formal parts, it, in effect, directs that the just debts of the deceased be paid; that he be buried in the Masonic Cemetery at Del Rio, Tex.; that $1,000 be expended to purchase a suitable lot therein and erect a suitable monument of granite stone over his remains and discharge burial expenses; that the sum of $1,000 be paid to the brothers of the Monastery at Mount Bellew County of Galeway, Ireland. He also donated to the same devisee certain personal property consisting of books and maps. He bequeathed the remainder of his property, real and personal, share and share alike, to his cousin,

Maggie Glynn Tighe, who is recited in the instrument to have resided in 1868 in Kenton county, Ky., near the Culbertson Station on the Kentucky Central Railroad nine miles from Covington, Ky., and to the heirs, if any, of his aunt Mary Glynn Fahey, who was recited in the instrument to have resided in 1858 at the village of Marles, one mile east of Moylough, county of Galeway, Ireland. The instrument concludes: "It is my will that my friend ———— act as the executors of this my last will and testament.

"John Glynn.
"Witness G. W. Brown."

On August 18, 1932, Mrs. M. Wright, a feme sole, applied to the county court of Val Verde county to have the instrument probated as the last will and testament of John Glynn, deceased; alleged she resided in said county, pleaded jurisdictional facts, filed the will, and prayed that citation be issued and service had, the will admitted to probate, and some person of good character residing in the county and not disqualified be appointed executor of the will, or that some person be appointed administrator of the estate of John Glynn, deceased, with the will annexed.

On September 5th, Edward J. Glynn filed what is designated as the "Application of Edward J. Glynn, Administrator," alleging that he was not advised and did not know whether the instrument offered for probate was the last will of the deceased nor when said will was executed nor whether the deceased at the time of the execution thereof was possessed of testamentary capacity. That no executor is named in the will and that he is brother and nearest of kin to the deceased and is in no wise disqualified by law to act as administrator. That the deceased left an estate of the probable value of $10,000, was indebteded to various creditors, and a necessity existed for an administration upon the estate. He prayed in the event the instrument was admitted to probate that he be appointed administrator of the estate with the will annexed.

Mrs. Wright answered by general demurrer, general denial, and alleged the will offered for probate was dated December 23, 1914; that Edward J. Glynn knew of the existence of the will long prior to the death of the testator, but wholly disregarded the existence thereof, and on his application to the county court of Val Verde county was, on December 7, 1931, appointed administrator of said estate, qualified as such, and has at all times since acted in the purported capacity of administrator of said estate and has made no attempt to have such will probated or disclosed its existence to the beneficiaries therein, but has arbitrarily disregarded such will and testament. That on March 3, 1932, Edward J. Glynn, as administrator, filed a

suit in trespass to try title in the district court of Val Verde county, Tex., against the petitioner, Mrs. M. Wright; that she answered in said suit and, among' other things, alleged that John Glynn left with and delivered to her said will, which she tendered and asked that it be ordered probated in a court having jurisdiction, and such acts and facts disqualified Edward J. Glynn to act as the administrator of the estate of the testator.

In a supplemental pleading Edward J. Glynn urged numerous exceptions, alleged that the purported date appearing in said will was not written by the deceased, for which reason it was not wholly written by the testator. That such will had at all times been in the possession and under the control of Mrs. Wright until it was filed by her in the county court for probate.

On September 9th, after a hearing before the court, judgment was rendered to the effect that all parties had been duly and legally served, the will was admitted to probate, and letters of administration theretofore granted to Edward J. Glynn as administrator of the estate of the deceased were revoked; but that no person be named as administrator of the estate under the will until the beneficiaries named therein should have an opportunity to qualify as such if they desired. On September 17, 1932, Edward J. Glynn, as administrator of the estate of deceased, filed his bond and' prosecuted an appeal to the district court of Val Verde county.

On October 5, 1932, on a trial de novo the district court instructed a verdict in favor of Edward J. Glynn and judgment was entered that the application of Mrs. M. Wright to have the will admitted to probate be denied and the decree of the county court probating said will be set aside and Edward J. Glynn restored as administrator of the estate, from which judgment Mrs. Wright, as appellant, prosecutes this appeal.

The appellee, Edward J. Glynn, has filed in this court a motion to dismiss this appeal because Mrs. Wright, the appellant, is not named in the will as executrix, devisee, or legatee and is not a person interested in the estate under the will nor under the law of descent and distribution and is not in privity with any party so interested, and is therefore not aggrieved by the judgment of. the district court from which she appeals.

Whether or not Mrs. Wright was authorized to act as proponent of the instrument for probate it is unnecessary to decide. The court, before the application by her to probate the will, had granted an administration on the estate of the deceased and had jurisdiction thereof. Article 3370, R. C. S., in effect, provides that it is not necessary before granting letters of administration for it to appear to the court that the person is

dead, that four years have not elapsed since his decease prior to the application, and that the court has jurisdiction of the estate "where letters testamentary or of administration have been previously granted upon such es tate by said court."

Edward J. Glynn, who was the brother and next of kin of John Glynn, deceased, was an interested party and appeared and invoked the jurisdiction of the probate court seeking appointment as administrator of the estate with the will annexed, if the will was adjudged to be valid and admitted to probate. Ratcliffe et al. v. Seaboard National Bank of New York et al. (Tex. Civ. App.) 46 S.W (2d) 750.

Article 3308 has been construed to author ize the court to compel the probate of a va id will upon learning of its existence. Sim mons et al. v. Campbell et al. (Tex. Civ. App) 213 S. W. 338.

■ The probate court having admitted th will to probate and revoked the letters o administration theretofore granted by it t Edward J. Glynn, his appeal from such judg ment gave the district court jurisdiction t try de novo the issues presented to the pr bate court. Elwell et al. v. Universalist Gen eral Convention, 76 Tex. 514, 13 S. W. 552.

■■ The district court in its judgmen finds that Mrs. M. Wright was not a benef ciary under the will nor an heir at law o the deceased. The appellant admits in he reply to the motion to dismiss the appea that she has no interest in the litigation fur ther than an attempt by her to carry out th wishes and instructions of the deceased.

"A party is entitled to appeal or bring er ror only when his own interest or those o a party with whom he is in privity are af fected by the judgment complained of." Tex. Jur. page 146 § 83.

"In order to be entitled to appeal or su out a writ of error, a party must be 'ag grieved' by the decision of the court. I other words, a party may not avail himsel of these remedies when his substantia rights are not affected." 3 Tex. Jur. 147 84.

"Aggrieved parties entitled to appeal o bring error are those whose interests are in juriously affected by the judgment or order. 3 Tex. Jur. 148 § 85.

The law announced in the above quota tions is supported by abundant authority ci ed by the author.

"To entitle the appellant to have the ac tion of the probate court revised by the dis trict court, it was necessary for him to show that he had such an interest in the estate o Nathaniel Perry, that he was injured by th action of that court." John T. Stark v. I P. Seale et al., 59 Tex. 2.

The Supreme Court, answering whether

party who is not in law interested in an estate may contest a will, after quoting article 315, says: "This is but a concrete statement of the universal rule of parties that no person will be permitted to maintain a proceeding without showing an interest in the subject-matter thereof. It is contrary to the policy of the state to permit the machinery of its courts to be set in motion at the instance of one who can in no event be profited thereby. * * * Whatever the jurisdiction of a court, that court has no power to exercise such jurisdiction until its power is invoked by one having an interest in the subject-matter." Moore v. Stark, 118 Tex. 365, 17 S.W.(2d) 1037, 1041, 21 S.W.(2d) 296.

The record shows that the appellant had no legal interest, contingent or otherwise, in the estate, that she was not named in the will as executrix, devisee, legatee, or in any other capacity; hence she was not aggrieved by the judgment 'of the district court, and the motion to dismiss the appeal is granted.