## WRIGHT v. GLYNN.
### No. 9180.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 22, 1933.

John L. Dodson, of Del Rio, for appellant.

Jones & Lyles, of Del Rio, for appellee.

FLY, Chief Justice.

This is an action of trespass to try title to all of lots 14 and 15, in block A, of Martin's addition to the city of Del Rio, Val Verde county, Tex., instituted by Edward J. Glynn, as administrator of the estate of John Glynn, deceased.

A trial resulted in a judgment in favor of appellee, a verdict having been instructed by the court after hearing the testimony. The testimony upon which the judgment is based is set out in the judgment and such evidence is sustained by the statement of facts agreed to by the parties.

The action of trespass to try title was filed by the administrator on March 3, 1932, and the trial was had before a jury, which resulted in a mistrial. After the suit was filed and after the first trial, the appellant herein applied to the county court of Val Verde county for the probate of a purported will of John Glynn. Prior to that time appellee had been appointed administrator of the estate of John Glynn. After the will was filed for probate, the administrator applied to the county court to contest the will and prayed, in the event the will was probated, that he be appointed administrator with the will annexed. No executor or administrator had been named in the will. The county court probated the will but did not appoint an administrator of the estate, and refused to make Edward J. Glynn administrator, with the will annexed, and removed him from the administration of the estate. The administrator appealed to the district court, where probate of the will was denied, and the said Edward J. Glynn was restored as administrator of the estate.

From that judgment appellant appealed to this court, and the case was afterwards transferred to the Court of Civil Appeals at Amarillo, Tex., by order of the Supreme Court of Texas. The appeal was afterwards dismissed by the Amarillo Court of Civil Appeals, on the ground that appellant had no interest in the will or anything connected with it. In re Glynn's Estate (Tex. Civ. App.) 62 S.W.(2d) 1019.

The appeal now under consideration by this court was prosecuted from a judgment which adjudicated the title to the property in controversy, in the said Edward J. Glynn, administrator of the estate of John Glynn, deceased.

■ The first proposition is overruled. Appellant evidently confuses this action with the one in regard to the probate of the will now pending in the Court of Civil Appeals at Amarillo, Tex. It may be stated, however, in answer to the proposition, that the administrator had a right to enter the case in the county court and contest the probate of the will, as he was the regular administrator of the estate of his deceased brother. If no other action had been taken except to probate that will, he would have had the right to appeal to the district court from the action of the county court. However, in addition to probating the will, the county judge assumed the authority to remove appellee as administrator of an estate without having that matter properly before the court. He had the right, just as long as there had been no other person appointed administrator, to appeal the case to the district court, as provided by law. We approve the holding of the Amarillo Court of Civil Appeals, which sustains the authority of the administrator to appeal from the county court.

All the questions raised by the appellant in her propositions, as to the power and authority of the administrator to appear and prosecute not only his appeal but the suit in this case, have been fully adjudicated against appellant by the Court of Civil Appeals in the companion case of In re Glynn's Estate, 62 S.W.(2d) 1019, and we approve that ruling.

■ The only question raised by the propositions is as to the correctness of the ruling of the court in refusing to grant a continuance of the cause. In that application there was no allegation that the testimony of any witness was desired. The allegations referred to matters on file in the court, which were capable of being proved at the time. The court did not err in refusing to continue to obtain evidence, which, if it had been admitted, would have had no bearing or effect on the issues in the case. The sole question in the case was: Who was entitled to recover the title and possession of the real estate, appellant or appellee? And the matters set out would have thrown no light on that issue.

The record clearly shows that appellant was not present at the time, and that when the court refused to grant the continuance the attorney for appellant left the courtroom, and to all intents and purposes abandoned the defense. What was expected to result from that abandonment is not clear, but it would seem they had abandoned the cause and could not afterwards take up the cause and appeal it to an upper court. It may be stated, however, in this connection, that if appellant had remained in court and prosecuted her defense it would have been utterly futile to defeat the right of appellee to the title and possession of the property. No testimony was given or offered that tended to show any right or title to the property in appellant.

It was pleaded by appellant that a verbal contract had been entered into between appellant and deceased that if she would take charge of the house of deceased and permit him to occupy a room and obtain board from her that he would pay her at the rate of $10 a day, $1 in cash each day and $9 each day to be held over unpaid until the death of deceased and the sale of his property, when the remaining $9 per day was to be paid. It was also pleaded that after that contract was made and deceased was in the hospital, he made a verbal sale to appellant, in consideration of the cancellation of the debt of $9 per day for his board, lodging, care, and attention. No court would have sustained any such sale on the allegations made. It was not alleged that any one else knew of the sale or was present at the time it was made.

There is no merit in this appeal, and the judgment will be affirmed.