**DICKARD v. CRAWLEY et ux.**

No. 9899.

Court of Civil Appeals of Texas. Austin.

May 31, 1950.

Blair & Randle, of Austin, for appellant.

David L. Tisinger, and W. J. Hodge, of Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order of the trial court granting a temporary injunction restraining the (defendant) appellant herein from erecting or maintaining any fence across the approach to (plaintiffs') appellees' home at any point on the road now being used by plaintiffs, or impeding the access to plaintiffs' home and property.

The parties hereto are adjoining landowners. The appellant purchased a tract of land from Mrs. Ella Jessen in 1938, containing 3.95 acres fully described in the deed of conveyance. Restrictions as to use, sale or subdivision were embodied in the deed. The deed contains the following provision: "The grantor herein hereby gives and grants a right-of-way easement from the above described tract of land, conveyed herein, to the county road for ingress and egress to and from said tract of land."

In March, 1944, the appellees, Mr. and Mrs. Crawley, moved in on a portion of the 3.95-acre tract under an agreement to purchase from the appellants, Mr. and Mrs. Dickard. The agreement, signed by the Dickards, was a lease in the nature of a survival sale during the lifetime of the Crawleys.

In April, 1946, Mr. Dickard conveyed the property described in the lease agreement above mentioned to C. D. Crawley by warranty deed, subject to the restrictions in the deed from Mrs. Ella Jessen to Dickard. Mrs. Jessen joined in this conveyance and consented to the sale, waiving the provisions that the property could not be subdivided.

834

The Crawleys have been using the road across the land of Dickard for about six years, and claim this as a way of necessity and an implied easement; that they acquired and now have an easement and right-of-way by implied grant from the defendant. The fence in question was erected the day before the suit was filed, on February 8, 1950.

The Dickards contend that the original easement granted by Mrs. Jessen is a way long in use and that the plaintiffs now have and at all times have had access by a well defined and long established road, and that the availability of such road defeats appellees' claim to a way of necessity.

The appellees began to improve the property shortly after they got the "lease" and continued to make extensive improvements.

The appellees claim that in the inspection and purchase of the property that they approached the same, accompanied by Mr. Dickard, by the road then and now in use. That they used the road at all times since the original entry.

The appellants contend that the roadway or easement along the east side of the Dickard and the Crawley property is the proper way for the appellees to reach their property and not the road through the Dickard property. A number of witnesses testified in the case. Mrs. Jessen was ill and did not testify, and is not a party to the suit.

We do not believe that the trial judge abused his discretion in granting the injunction that he did pending a trial of the case on its merits.

The granting or refusing of a temporary injunction is within the sound discretion of the court, and such order should not be disturbed on appeal unless it be shown that the trial judge abused his discretion. Bryan v. Darlington, Tex.Civ. App., 207 S.W.2d 681.

The purpose of the order was to preserve the "status quo", which is the "last actual, peaceable, non-contested status of the parties," which preceded the pending suit and which should be preserved until final decree. 24 Tex.Jur. 123; City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 272.

It occurs to us that before the subject matter of this litigation, to-wit: a way of entry to the Crawley's property, can be finally adjudicated, that Mrs. Ella Jessen should become or be made a party so that a final determination of the location of the easement contemplated in the original deed to Dickard, or the location of the easement from the Bee Cave to the Dam asphalt road through Mrs. Jessen's property can be determined and fixed.

We express no opinion as to the proper location of such road or easement.

The judgment of the trial court is affirmed.

Affirmed.