**P. A. PAYNE et al., Appellants,**

v.

**NTH STONE LEASING COMPANY, Inc., Appellee.**

No. 4766.

Court of Civil Appeals of Texas.

Waco.

Dec. 19, 1968.

Rehearing Denied Jan. 9, 1969.

Wm. Andress, Jr., Andress, Woodgate & Hartt, Dallas, for appellants.

Passman, Jones, Stewart & Andrews, Shannon Jones, Jr., Dallas, for appellee.

## OPINION

WILSON, Justice.

Judgment for recovery of royalty in a contract action was rendered against defendant appellants on a jury verdict. We affirm.

Defendants attack the judgment on the grounds (1) there was no pleading asking for recovery of the royalties for which judgment was rendered, and (2) the contract was cancelled during a contract year and minimum royalty was not recoverable thereafter.

The contract gave defendants a franchise or license to manufacture building stone by use of plaintiff's patented equipment in consideration of fixed royalty payments based on quantity of stone manufactured. The royalty clause contained the proviso: "if the royalties paid to licensor in any twelve-month period, starting with" January 1, 1966 do not total $3600, defendant shall pay plaintiff "the difference between the royalties actually paid during the period and $3600". Thus, it was agreed defendant should pay a minimum annual royalty of $3600 subject to the other contractual provisions.

Defendant was authorized to cancel the agreement at the end of three years. It was provided plaintiff might cancel in event of defendant's breach of any obligation of the agreement, by giving notice and specifying the breach. Defendant was allowed 60 days in which to remedy the breach. Plaintiff gave defendants a formal 60-day notice of cancellation March 3, 1966 asserting breach by failure to file reports and make royalty payments.

Plaintiff's sued for royalty and for recovery of equipment furnished or its value, alleged defendants' nonpayment and asked the court to declare the contract cancelled. Defendants answered that plaintiff had misrepresented the capacity of its equipment and availability of raw materials, and had first breached the contract in several respects enumerated. Failure of consideration was alleged. Defendants filed a cross-action for damages for breach of the contract, and alleged willingness to pay royalties when plaintiff performed its obligations under the contract. They sought a declaration that the obligation to pay royalties was suspended until plaintiff complied with the agreement. All special issues were answered against defendants.

■ Defendants urge there was no pleading seeking "recovery of minimum contractual annual royalties" under the contract, for which judgment was rendered. It was stipulated no such royalties were paid. The contract was attached to and adopted as part of the petition. Plaintiff alleged: "Defendant Payne has paid no royalties for the period beginning September 1, 1965 to date and plaintiff alleges certain information and belief that said royalties actually exceed $3600, the minimum payable through August 30, 1966 and beginning September 1, 1965 in any event." Plaintiff prayed for an audit "to determine the amount of royalties actually due"; that it have judgment "for the respective sums due plaintiff"; and for general and other relief, including cancellation of the franchise.

Although the pleading did not use the verbiage, "minimum" royalty, the effect of the averments was that plaintiff sought determination and recovery of the amount of royalty due, which it believed to be in excess of $3600, the annual minimum. The undisputed evidence established the quantity of stone involved, and the contract fixed both the royalty rate and the minimum. The pleading was adequate to support the judgment for minimum royalty.

Defendants argue that plaintiff sought to cancel the contract before the end of the calendar year by giving the March, 1966 notice; and since "there is no provision for any royalties accruing other than upon the actual production prior to the close of the twelve-month period", minimum royalty cannot be recovered. Stated another way, the contention is that the contract was cancelled by plaintiff before the end of the year 1966, and future damages, including minimum royalty, was not recoverable.

Defendants' position before us is opposite to and inconsistent with that taken in the trial court. Plaintiff prayed for declaration of cancellation of the franchise and return of the property. Defendants' pleading, however, treated the contract as still in effect, prayed for declaration that their "obligation to pay royalties is suspended", and tendered performance under the contract as soon as plaintiff performed as agreed.

The case was tried on this theory advanced and relied on by defendants. The judgment declared the contract cancelled as of the date of judgment, April, 1968, and awarded royalties in the amount stipulated for the years 1966 and 1967. No royalties were recovered for 1968. Defendant remained in possession of, and continued to use, plaintiff's patented material to date of judgment.

■ Appellants may not take a position on appeal inconsistent with the position in the trial court, will be required to adhere to the theory on which the case was tried,

and will not be permitted to present on appeal a theory of defense contrary to the grounds urged below. Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238, 245; Sorrells v. Coffield, 144 Tex. 31, 187 S.W.2d 980, 981; Boatner v. Providence-Washington Ins. Co., Tex.Com.App., 241 S.W. 136, 140; Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900, 908; Parks v. Hill County, Tex.Civ.App., 387 S.W.2d 956, 959; 3 Tex.Jur.2d, Sec. 371, p. 629.

Affirmed.