**Francis Dennis PHELAN, II, Appellant,**

v.

**Georgia M. PHELAN, Appellee.**

**Frank ROLLINS, Appellant,**

v.

**Patricia Phelan MALAIN et al., Appellees.**

**Nos. 7269, 7272.**

Court of Civil Appeals of Texas, Beaumont.

Sept. 23, 1971.

H. P. Robichau, Jr., Ross, McLemore & Collie, Beaumont, for Francis Dennis Phelan, II, Patricia Phelan Malain and others.

Everett B. Lord, W. G. Walley, Jr., Beaumont, for Georgia M. Phelan.

W. G. Walley, Jr., Beaumont, for Frank Rollins.

KEITH, Justice.

We review two appeals, separately perfected from different courts, but which involve the competing interests in certain tracts of land. The parties have filed separate briefs and we heard a single argument upon submission of the causes. The single opinion which follows will serve as the basis of separate judgments in the two appeals.

*Cause No. 7269*—which we will refer to hereinafter as the "Divorce Appeal"— brings forward for review a part of the divorce decree entered by the Court of Domestic Relations for Jefferson County in Cause No. 76247–C, entitled Georgia M. Phelan v. Francis Dennis Phelan, II. Plaintiff sought a divorce, custody of the children born of the marriage (along with an appropriate order requiring defendant to support the children), a partition of the property rights, attorney's fees, and costs of suit.

From the undisputed facts in our record, supported by the findings of fact filed by the trial court in the non-jury proceeding, it appears that at the time of the commencement of the divorce suit by the appellee, the husband owned certain oil and gas properties. Whether or not this was separate property or community property is not clear in our record, but, under our ruling herein, such fact is not determinative. During the course of the litigation when the matters of division of the property, custody of the children born of the marriage, appropriate child support orders, and attorney's fees for the wife were pending before the trial court, the husband executed two instruments in writing. One was an assignment of the bonus and royalty from the lands to his counsel in the divorce suit and was effective until they had received a stated sum therefrom. The other was a conveyance in trust to his sister, Patricia Phelan Malain, of his interest in said lands, to take effect upon the receipt by his lawyers of their fixed sum. The children born of the marriage in issue were the beneficiaries of the trust. Neither instrument contained a warranty. We will refer to these two instruments, collectively, as "conveyances." We note that each was filed for record immediately after execution and delivery—some several months before the entry of the final decree in the divorce action.

The transcript of the proceedings in the divorce appeal reveals that after the execution of the instruments heretofore mentioned, the wife filed her first amended original petition in her divorce action wherein she brought into the suit as defendants the assignees and grantee in the two instruments mentioned. Allegations were made that the husband had sought to oust and deprive the divorce court of jurisdiction over such properties; that both instruments were invalid. She prayed for final judgment of partition of the property of the parties in the divorce action as such

"estate existed at the commencement of this suit," i. e., before the execution of the instruments heretofore mentioned.

The husband filed a motion to strike such allegations; and, after the same was presented to and considered by the court, such allegations were stricken. In the verified motion to strike we find the following allegations were made:

"This Defendant [husband] would further show the Court that the Plaintiff [wife] herein did heretofore on December 8, 1970, file in the 136th Judicial District Court of Jefferson County, Texas, in Cause No. D–95169 and entitled Georgia M. Phelan vs. Patricia Phelan Malain, H. P. Robichau, Jr., and William C. Ross, Jr., her original petition directly attacking the conveyances referred to in the portion of Plaintiff's First Amended Original Petition filed herein, [being the property involved in this appeal] here sought to be stricken, and praying that the Court enter judgment that said instruments were and are ineffectual to convey, transfer or assign to Patricia Phelan Malain, H. P. Robichau, Jr., and William C. Ross, Jr., any right, title or interest of any character whatsoever in or to the properties therein described and that they be permanently enjoined from executing any and all instruments purporting to convey, transfer or assign any of said properties, or any interest therein, to any other person. That the parties to said suit now pending in the 136th Judicial [District] Court of Jefferson County, Texas, have heretofore answered said pleading and all of said parties are now before that Court for the adjudication of the matters which this Defendant here moves the Court to delete from Plaintiff's First Amended Original Petition in this cause."

Upon the trial of the divorce suit, while the husband was giving testimony concerning the property now in issue before us, in answer to a question propounded by his own counsel, said:

"Q. Do you own any of those properties *now?*

"A. No, sir." [Emphasis supplied]

During the course of the hearing on the divorce action, the husband introduced the two conveyances into evidence. In the final decree from which the appeal is perfected, the trial court, in effect, ignored the two conveyances executed during the course of the litigation and awarded to the wife an undivided one-fourth interest in the lands covered in the conveyances, even using the recordation data thereof as the legal description. In his appeal the husband does not assert any *present* ownership in the mineral interests involved in the divorce action, although he carefully refrains from a repudiation of the two conveyances.

His single point on appeal in the divorce action is this:

"The Court erred in awarding Appellee an undivided interest in real property which was not owned by Appellant at the time of trial and that portion of such judgment is void."

In *Cause No. 7272*—which we will refer to as the "Injunction Appeal,"—the following sequence of events is established in our record: The assignees and grantee in the conveyances heretofore mentioned brought suit in the 58th District Court of Jefferson County, Texas, to enjoin Frank Rollins, Constable of Precinct No. 1 of Jefferson County, Texas, from "making any sale of the * * * [property described in the two conveyances] * * * under and by virtue of a notice of execution sale and levy dated March 10, 1971, and under and by virtue of an execution issued out of the Court of Domestic Relations for Jefferson County, Texas, in Cause No. 76247–C, styled Georgia M. Phelan vs. Francis Dennis Phelan, II." This execution issued in divorce action which we have under review and the order of sale which was enjoined would have sold only the husband's interest in the land described therein.

608

In the pleadings in the injunction suit, the assignees and grantee [husband's lawyers in the divorce suit case, and his sister, the trustee] made these allegations:

"V.

"Plaintiffs would further show unto the Court that there is presently pending in the 136th Judicial District Court of Jefferson County, Texas, Cause No. D–95169, styled Georgia M. Phelan vs. Patricia Phelan Malain, H. P. Robichau, Jr. and William C. Ross, Jr., for the purpose of determining whether or not the conveyances made by Francis Dennis Phelan II on November 6, 1970, were and are valid conveyances, and that the attempt to levy upon the properties described hereinabove, constitutes an attempt to deny the 136th Judicial District Court of its jurisdiction of said suit, and made the issues therein moot, and do irreparable injury [to] the Plaintiffs herein and the beneficiaries of the trust created in the conveyance from Francis Dennis Phelan II to Patricia Phelan Malain dated November 6, 1970.

"VI.

"Plaintiffs would further show that presently Francis Dennis Phelan II is appealing to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, that portion of the judgment rendered by the Court of Domestic Relations on February 16, 1971, in favor of Georgia M. Phelan, which said judgment attempted to award to Georgia M. Phelan an interest in a portion of the properties levied upon and proposed to be sold by the said Frank Rollins, and that such levy and sale by Frank Rollins would cast a cloud upon the title to such real estate if permitted to take place."

The constable and the wife responded to the prayer for injunction by averring that they sought to sell under execution out of the divorce suit only "such right, title or interest as the named Defendant [the husband in the divorce suit] * * * may have owned in the said property and premises on the date of said levy." The trial court having previously granted an ex parte temporary restraining order, continued the same in effect as a temporary injunction after a hearing. Only one witness testified upon the hearing, one of the husband's trial counsel. He admitted in his testimony that the two conveyances we have mentioned were executed while "the jury was in the box" in a prior hearing of the divorce proceeding.

The wife and the constable duly perfected an appeal from the order granting the temporary injunction and assigned a single point for reversal: It was error to grant the temporary injunction because the applicants therefor "wholly failed to show that any injury could result to them from the sale involved." The argument is advanced that the applicants for the injunction failed to offer any proof of their ownership of the lands in question, predicated upon the fact that only the hearsay testimony of counsel was tendered, and that the writ of execution was carefully drawn so that only the interest of the husband in the lands would be affected by the sale.

*Opinion*

In the divorce appeal, the wife objects to husband's standing to maintain this appeal. Under his theory, as expressed in his single point, the trial court's judgment was void for a single reason: Husband having voluntarily divested himself of ownership of the land during the pendency of the suit, the court was powerless to award appellee his interest therein. Under these circumstances, she says that all her former spouse seeks is an opinion from this court as to the relative superiority of the title of his assignees and trustee vis-a-vis that of the wife. She invokes the fundamental rule of procedure that one may not complain of errors in a judgment which do not injuriously affect him or

which merely affect the rights of others. Shell Petroleum Corporation v. Grays, 131 Tex. 515, 114 S.W.2d 869, 870 (1938).

■ It is the general rule in this state that "'The right of review on appeal is limited to errors which are prejudicial, and the burden, at least prima facie, of showing prejudice, is on appellant.'" Gilson v. Universal Realty Co., 378 S.W.2d 115, 121 (Tex.Civ.App., Houston, 1964, error ref. n. r. e.). See also, Hunt v. Burrage, 84 S.W. 2d 1098, 1099 (Tex.Civ.App., Dallas, 1935, error dism.); Onion v. Cain, 64 S.W.2d 418 (Tex.Civ.App., San Antonio, 1933, no writ).

■ It is clear from our record that under the husband's theory of the case below, he effectively disposed of all of his right, title, and interest in and to the mineral interests covered by the two conveyances. Any doubt as to this position was removed when he procured the entry of the order of the trial court striking the amended pleadings of the wife which would have tendered the issue of the invalidity of the conveyances. The law is clear that parties are restricted in the appellate court to the theory on which the case was tried in the lower court. Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238, 245 (1942); Payne v. Nth Stone Leasing Company, 435 S.W.2d 605, 606 (Tex.Civ.App., Waco, 1969, error ref. n. r. e.).

■ Having voluntarily conveyed all of his right, title and interest in the land during the pendency of the suit, the husband is in no position now to complain that the trial court awarded the wife an undivided interest therein. In the case of Nixon v. Nixon, 348 S.W.2d 438, 439 (Tex.Civ.App., Houston, 1961, error dism.), an appeal arising out of a suit for divorce, the court said:

"The Corporation [impleaded into the case by the wife] has complained in various ways that the trial court erred in rendering judgment that the stock standing in the name of Mary J. Nixon constitutes community property of Margie R. and Robert E. Nixon. *This portion of the court's judgment does not affect the Corporation, therefore the Corporation cannot complain.* Yett v. Cook, 115 Tex. 205, 281 S.W. 837; McLean v. Morrow, Tex.Civ.App., 156 S.W.2d 1002, ref., w. m." [Emphasis supplied]

See also, United States v. Ray Thomas Gravel Co., 380 S.W.2d 576, 578 (Tex. Sup.1964); In re Glynn's Estate, 62 S.W. 2d 1019, 1020 (Tex.Civ.App., Amarillo, 1933, error ref.).

The appealing husband extends to us an invitation to explore the changes brought about in the law of property rights by the adoption of the Family Code. At an appropriate time and place, and under a proper record, such will become our duty. However, this is neither the time nor the place for such an excursion. The husband seeks an advisory opinion which might be of aid and comfort to his assignees and grantee in their subsequent litigation with the wife over the validity of the conveyances—if he were to prevail. As for himself, he is in no position to benefit from the decision; and, as to his assignees and grantee, they are not before the court and our determination would not be binding upon them in the subsequent litigation.

■ We are not authorized to render advisory opinions. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, 647 (1933); United Services Life Insurance Company v. Delaney, 396 S.W.2d 855, 861 (Tex.Sup. 1965).

Being of the opinion that the husband, appellant in No. 7269, lacks standing to maintain this appeal, we sustain the wife's motion to dismiss the appeal as well as her first point in the brief filed in the divorce appeal. The appeal in No. 7269 is dismissed with all costs adjudged against the appellant therein.

■ In our consideration of the injunction appeal, we encounter the question of the propriety of the assumption of jurisdic-

tion by the 58th District Court. The record below clearly indicates that the prior exclusive jurisdiction over the parties and of the subject matter of the litigation had been acquired by the 136th District Court in the case brought by the wife, No. D–95169. That court not only had actual jurisdiction over the matters raised by the pleadings, but all other matters incidental thereto. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1069 (1926). The jurisdiction of the 136th District Court having attached, "it could not be taken away or arrested by the subsequent proceedings in another court." Id., at p. 1070.

However, the question of prior jurisdiction between the two civil district courts is not directly in issue in this cause and we do not find it necessary to rest our decision upon such a determination. Basically, all that was sought—and accomplished—in the injunction case in the 58th District Court was to maintain the status quo as it then existed. An examination of the petition upon which the injunction was granted discloses that the injunction to restrain the sale of the land under the writ of execution was the sole relief sought. Plaintiffs therein [the assignees-grantee in the conveyances] simply alleged ownership of the lands, a matter then in issue in the 136th District Court between the same parties. Having assumed their major premise, i. e., that they "owned" the land and that the husband had no ownership therein, the injunction was sought.

The applicable provision of § 4, Art. 4642, Vernon's Ann.Civ.St. was followed implicitly in the pleading. The article authorizes an injunction:

"Where a cloud would be put on the title of real estate being sold under an execution against a party having no interest in such real estate subject to execution at the time of the sale, * * *"

Under the theory of the husband (as discussed above in Cause No. 7269) and the assignees-grantee in the injunction suit, husband had "no interest in such real estate" and, under the order of sale as carefully drawn by counsel for the wife, only the husband's interest was subject to the order of sale. This was the precise question then tendered by the pleadings in the 136th District Court where all of the parties were then engaged in the determination of the questions so posed.

■ Nevertheless, upon the basis of the allegations so made under the quoted statute, the trial court was authorized to issue the temporary injunction. Newton v. McCarrick, 75 S.W.2d 472, 474 (Tex.Civ. App., Beaumont, 1934, error dism.); Shirey v. Trust Co., 69 S.W.2d 835, 837 (Tex. Civ.App., Texarkana, 1934, error ref.); Weart v. Mahone, 176 S.W.2d 197, 202 (Tex.Civ.App., Galveston, 1943, no writ). See also, Hereford Land Company v. Globe Industries, Inc., 387 S.W.2d 771, 776 (Tex.Civ.App., Tyler, 1965, error ref. n. r. e.).

The injunction sought in the trial court was to protect the status quo, " 'the last, actual, peaceable, noncontested status which preceded the pending controversy.' Hartley v. Brady, Tex.Civ.App., 114 S.W.2d 406, 408; Dickard v. Crawley, Tex.Civ. App., 230 S.W.2d 833, 834." Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 553 (1953). See also Ford v. Aetna Insurance Company, 424 S.W.2d 612, 616 (Tex.Sup., 1968). The status quo sought to be protected by the injunction was the posture of the case as made by the pleadings then on file in the viable suit pending in the 136th District Court. The sale of the husband's interest under execution, which was enjoined in the 58th District Court, would have changed the status quo as it then existed.

The rules governing appellate review of temporary injunctions have been restated recently in Sun Oil Company v. Whitaker, 424 S.W.2d 216, 218 (Tex.Sup., 1968). Reviewing the record before us and applying the rules enunciated in *Whitaker*, we are not convinced that the order of the trial

court granting the writ "represents a clear abuse of discretion." *Whitaker*, supra.

In the case before us, we do not express any opinion upon the validity of the claimed title of either of the contending parties in the injunction suit. Our action is governed by the rationale of Southwest Weather Research Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417, 421 (1959), wherein the court said:

> "The temporary injunctions undoubtedly place petitioners in an unfavorable economic position, but our system of procedure is such that legal rights cannot be finally determined upon a hearing relating to the wisdom or expediency of issuing a status quo order. Deliberate action is essential for the accurate determination of legal rights and upon occasion this can be secured only by issuing a temporary decree protecting a status quo. Ordinarily, the hearing upon the temporary injunction is not a substitute for, nor does it serve the same purpose as the hearing on the merits. Generally the most expeditious way of obviating the hardship and discomfiture of an unfavorable preliminary order is to try the case on its merits and thus secure a hearing wherein the case may be fully developed and the courts, both trial and appellate, may render judgments finally disposing of controversies."

We naturally assume that the parties will move to resolve the unseemly potential conflict of jurisdiction between the two district courts having facets of the same litigation pending, and that the parties will address themselves to a trial upon the merits with all proper parties before the court. When the facts have been fully developed by a court of competent jurisdiction, i. e., a *district court* rather than a court of limited jurisdiction such as the Court of Domestic Relations, the "trial and appellate [courts] may render judgments finally disposing of controversies." *Jones Case*, supra (327 S. W.2d at p. 422). In the present posture of the cases before us, we are unable to ren-

der such a judgment. Therefore, the judgment of the trial court in the injunction appeal, our No. 7272, is affirmed.

The divorce appeal, our No. 7269, is dismissed at the cost of appellant; the judgment in the injunction appeal, our No. 7272, is affirmed.