cv1-369 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-91-369-CV






DAVID FRYMIRE,



 APPELLANT


vs.





RANDELL W. ORCUTT AND RONDA ORCUTT,



 APPELLEES




 




FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY



NO. 193,719, HONORABLE MICHAEL J. SCHLESS, JUDGE PRESIDING



 



PER CURIAM

 This cause arises out of a landlord-tenant contract dispute. The landlord, appellant
David Frymire, sued the tenants, appellees Randell and Ronda Orcutt, for breach of contract. The
Orcutts counterclaimed alleging, among other causes of action, that Frymire breached the lease
agreement. The case was submitted to the jury on special questions. After the jury returned its
verdict, the trial court rendered judgment that the parties take nothing on their respective breach
of contract claims, awarded attorney's fees to both parties, and denied all other relief. We will
reverse in part and affirm in part.

BACKGROUND


 David Frymire owned a house at 4931 Trail West in Austin, Texas. The New
Management Company managed Frymire's house while he was on military duty in Japan during
1988 and 1989. In January 1988, Randell and Ronda Orcutt signed an agreement to lease
Frymire's house. The lease term ended on January 31, 1989. In early January 1989, the Orcutts
signed a second agreement to lease Frymire's house. The lease term for the second lease ended
on January 31, 1990.

 In August 1989, Jack Newman of New Management Company orally notified the
Orcutts that Frymire would be returning to Austin before the expiration of the lease term. 
Newman requested that the Orcutts move out before the end of the lease term so that Frymire
could move back into his house when he returned to Austin. The parties dispute whether Newman
requested that the Orcutts move out by December 1, 1989, or merely asked them if they would
consider moving out a month early. In any event, the Orcutts vacated the premises at the end of
September 1989. They did not make any of the remaining rent payments due under the lease.

 Frymire sued the Orcutts alleging they breached their lease agreement with him
when they vacated the leased premises before the end of the lease term and failed to pay the rents
that remained due under the lease. The Orcutts counterclaimed alleging breach of contract,
violation of the Texas Property Code (1) and Deceptive Trade Practices Act, (2) negligent
misrepresentation, and unjust enrichment.

 The trial court submitted the case to the jury on seven special questions. Following
the jury's verdict, the trial court rendered judgment that: (1) Frymire and the Orcutts recover
nothing on their respective breach of contract claims; (2) Frymire and "counter-cross plaintiff" (3)
recover $500.00 each in attorney's fees from the Orcutts for defense of the Orcutts' DTPA claim
against them; and (3) the Orcutts recover $1800.00 in attorney's fees from Frymire for services
rendered in the prosecution of their breach of contract claim against him. Frymire appeals from
the trial court's judgment.



DISCUSSION


1.  The Orcutts' Breach of Contract Claim Against Frymire 

 In his first three points of error, Frymire contends that the trial court erred in
submitting, and then failing to disregard the answer to, question 1a. In his motion to disregard,
Frymire requested the court to disregard the answer to that question. See Tex. R. Civ. P. 301.

 The jury answered "yes" to the question did Frymire breach the lease agreement. 
Upon further inquiry, however, the jury failed to find that the Orcutts suffered any damages as
a result of Frymire's breach of the lease agreement. The trial court rendered judgment "in favor
of [the Orcutts] on [Frymire's] claim for breach of contract" and "in favor of [Frymire] on [the
Orcutts'] claim for breach of contract." Thus, the jury's answer to question 1a is immaterial and
has not harmed Frymire. The judgment is in his favor; therefore, any error is harmless. See Tex.
R. App. P. 81(b)(1). Frymire simply has no complaint. Swaim v. International Harvester Co.,
505 S.W.2d 634, 638 (Tex. Civ. App.Ft. Worth 1974, writ ref'd n.r.e.) (an appellant is
confined in his complaint on appeal to prejudicial error); see also Phelan v. Phelan, 471 S.W.2d
605, 609 (Tex. Civ. App.Beaumont 1971, no writ). We overrule points of error one through
three.



2.  Trial Court's Award of Attorney's Fees to The Orcutts

 In point of error six, Frymire complains of the award of attorney's fees to the
Orcutts for their prosecution of their breach of contract claim. Any award of attorney's fees is
within the discretion of the trial court and will not be disturbed on appeal absent a showing of an
abuse of discretion. Keller Indus. Inc. v. Reeves, 656 S.W.2d 221, 228 (Tex. App.Austin 1983,
writ ref'd n.r.e.). A party may recover attorney's fees only if a contract or statute authorizes such
recovery. New Amsterdam Casualty Co., v. Texas Indus., Inc., 414 S.W.2d 914, 915 (Tex.
1967).

 In answer to question seven, the jury found $1800.00 to be reasonable attorney's
fees for the Orcutts' prosecution of their breach of contract claim. Based on the jury's answer to
question seven, the trial court awarded the Orcutts $1800.00 for the "prosecution" of their breach
of contract claim.

 The Orcutts pleaded for attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code
Ann § 38.001 (4) and Tex. Bus. & Com. Code Ann. § 17.50(c) and 27.01 (West 1987). Texas Civ.
Prac. & Rem. Code Ann. § 38.001(8) (West 1986) allows a party to recover attorney's fees "in
addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written
contract." Under § 38.001, the Orcutts are not entitled to attorneys' fees based on mere
prosecution of their contract claim. They must prevail on their claim. Davis Masonry, Inc. v.
B-F-W Constr. Co., 639 S.W.2d 448 (Tex. 1982); Chapman Air Conditioning, Inc. v. Franks,
732 S.W.2d 737, 741 (Tex. App.Dallas 1987, no writ). The Orcutts did not prevail on their
contract claim; the trial court rendered judgment in favor of Frymire and awarded the Orcutts no
damages on their contract claim.

 The Orcutts argue that they are entitled to recover attorney's fees pursuant to the
lease agreement because they prevailed on their breach of contract claim. We have already held
that they did not prevail on their claim. Furthermore, the Orcutts did not plead for recovery of
attorney's fees pursuant to the lease agreement. Finally, the Orcutts did not satisfy the
requirements for recovery of attorney's fees under Tex. Bus. & Com. Code Ann. § 17.50(c) and
§ 27.01. Because the Orcutts did not prevail on their contract claim, the trial court abused its
discretion when it awarded the Orcutt's $1800.00 in attorney's fees for the prosecution of that
claim. We sustain appellant's sixth point of error. We will reverse the portion of the judgment
awarding the Orcutts attorney's fees, and render judgment that the Orcutts take nothing on their
claim for attorney's fees.


3.  Frymire's Breach of Contract Claim Against the Orcutts

 In point of error four, Frymire asserts that the trial court erred in failing to
disregard the answer to question 1b because the answer is against the great weight and
preponderance of the evidence. The jury answered "no" to the question did the Orcutts breach
the lease agreement in question. The jury failed to find that the Orcutts breached the lease. This
is an issue on which Frymire had the burden of proof. The appropriate point of error to bring
forward on appeal is that the failure of the jury to find that Randell and Ronda Orcutt breached
the lease agreement, in response to jury question 1b, is against the great weight and
preponderance of the evidence. Cropper v. Caterpillar Tractor Co., 754 S.W.2d 646, 648 (Tex.
1988). In his motion for new trial, Frymire preserved this precise point. We will address the
point as an attack on the jury's failure to find that the Orcutts breached the lease agreement. See
O'Neil v. Mack Trucks, Inc., 542 S.W.2d 112, 114 (Tex. 1976) (rule of liberal construction
applies to points in appellant's brief; merits of error will be passed on in light of the statement and
arguments).

 In considering a great weight point complaining of the jury's failure to find a fact,
courts of appeals should be mindful that a jury was not convinced by a preponderance of the
evidence. Therefore, in such instances, courts of appeals are not entitled to reverse merely
because they conclude the evidence preponderates toward an affirmative answer. Reversal is
warranted only if the great weight of the evidence supports an affirmative answer. Herbert v.
Herbert, 754 S.W.2d 141, 144 (Tex. 1988).

 It is undisputed that the Orcutts moved before the lease term ended and did not pay
rent due under the lease for the remainder of the lease term. The evidence also shows that: (1)
Frymire was returning to Austin before the end of the lease term and wanted to secure the use of
his residence on his return; (2) in August 1989, Newman, acting as Frymire's agent, requested
that the Orcutts move before the end of the lease term; (3) the Orcutts complied with Newman's
request; (4) the Orcutts would not have moved but for Newman's request, (5) Newman did not
anticipate the Orcutts' swift response to his request; and (6) Frymire sent Newman a letter
indicating that the earliest he could let the Orcutts out of the lease was December 31st, but
Newman did not receive this letter until after the Orcutts moved.

 Essentially, Frymire now alleges that the Orcutts' compliance with Newman's
request that they move out early constitutes a breach of the lease, because they moved out earlier
than he wanted them to. The jury was presented with conflicting evidence regarding when
Newman specified the Orcutts should move. Such conflicts are reserved for the jury to decide. 
In light of this evidence we cannot say the jury's answer is against the great weight and
preponderance of the evidence. We overrule Frymire's fourth point of error.



4.  Frymire's Waiver of His Rights to The Unpaid Rents

 In his fifth point of error, Frymire asserts that the trial court erred in failing to
disregard the jury's answers to jury questions 2a, 2b, 2c, and 2d, because there is no evidence or
at least insufficient evidence of any express waiver by him or of any conduct by him or his agent
manifesting an unequivocal intention to relinquish the right to receive rent. A trial court may
disregard jury findings only if they are immaterial or have no support in the evidence. Tex. R.
Civ. P. 301; Eubanks v. Winn, 420 S.W.2d 698, 701 (Tex. 1967). The trial court cannot
disregard the jury's answer merely because the evidence is factually insufficient. Garza v. Alviar,
395 S.W.2d 821, 824 (Tex. 1965). Thus Frymire's point of error can be sustained only if there
is no evidence to support the jury's finding. Id. (5)

 In reviewing a complaint that there was no evidence to support a jury finding, we
must examine only the evidence and reasonable inferences that support the finding in the light
most favorable to the finding and disregard all contrary evidence and inferences. Campbell v.
Northwestern Nat'l. Life Ins. Co., 573 S.W.2d 496, 497 (Tex. 1978); Winograd v. Clear Lake
City Water Auth., 811 S.W.2d 147, 154 (Tex. App.Houston [1st Dist.] 1991, writ denied); see
Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 111 S.Ct. 135
(1990).

 Jury question number two inquired:



Did David Frymire waive his right to receive rent from the Orcutts for the
following months, if any?


The jury answered: a. October, 1989 yes


 b. November, 1989 yes


 c. December, 1989 yes


 d. January, 1990 yes



 The court's charge to the jury contained the following instruction on waiver:



You are instructed that a waiver is the relinquishment of a known right. A waiver
occurs where there is conduct inconsistent with the claiming of that certain right. 
A waiver need not be intended, but may arise from the acts of the party. The right
may be expressly waived, or it may be impliedly waived by acts or conduct
evidencing an intent not to assert the right. Waiver may also be inferred from
circumstances or courses of dealing between the parties to a contract.



There was no objection to this instruction.

 The evidence shows that Newman requested that the Orcutts move before the lease
term ended. This evidence supports an inference that Frymire intended to relinquish his right to
receive rents for the period covered by his request.

 Newman sent the Orcutts a "Written Description of Security Deposit Deduction"
("Security Deposit Statement") which itemized the unpaid rent as a deduction against their security
deposit. Randell Orcutt testified that he called Newman when he received the security deposit
statement and asked why he had sent the bill. Randell testified that Newman told him it was "for
his records." Newman testified that when Randell called about the Security Deposit Statement,
he told Randell the bill was "for your records and it was for our records." Newman testified that
he did not tell Randell that he had to pay the bill. Newman further testified that when Ronda
Orcutt told him they were going to move out, he did not inform her that there could be a problem
if they did so. This evidence supports an inference that Newman's conduct was inconsistent with
a claim for rents. The Orcutts were not required to show that Frymire intended a waiver, only
that his acts evidenced an intent not to assert his right to the rents. The evidence supports an
implied finding that Newman did not intend to assert a right to the unpaid rents. Because
Newman was Frymire's agent, his actions are imputed to Frymire. In light of this evidence, we
cannot say the trial court erred in failing to disregard the jury's answers to questions 2a, 2b, 2c,
and 2d. Appellant's fifth point of error is overruled.



CONCLUSION


 Because the Orcutts did not prevail on their breach of contract claim, the trial court
abused its discretion when it awarded the Orcutts $1800.00 in attorneys fees for the prosecution
of that claim. Accordingly, we reverse that portion of the trial court's judgment awarding the
Orcutts $1800.00 in attorney's fees and render judgment that the Orcutts take nothing on their
claim for attorney's fees. We affirm the remainder of the trial court's judgment.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Reversed and Rendered in Part; Affirmed in Part

Filed: September 16, 1992

[Do Not Publish]

1. [1]  See Tex. Prop. Code Ann. § 92.104 (b) & (c) (West 1984) (governing landlord's retention
of security deposit).
2. [2]  Deceptive Trade Practices-Consumer Protection Act (DTPA), Tex. Bus. & Com. Code Ann.
§ 17.41, et seq. (West 1987 & Supp. 1992).
3. [3]  Apparently, this refers to Newman. There is testimony in the record indicating that the
Orcutts sued Newman in this cause, but that the action against him was dismissed before trial. 
 
4. [4]  Misidentified in their pleadings as Tex. Bus. & Com. Code § 38.001.
5. [5]  Frymire preserved the no-evidence challenge to the jury's answers to question 2a and 2b in
his motion to disregard jury findings and to questions 2a, 2b, 2c, and 2d in his motion for new
trial.